**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSEPH CAYETANO,<br>*on behalf of himself,*<br>*FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| THINK OUTSOURCING LLC and PETER GRIZARDO, | |
| Defendants. | |

---

Plaintiff JOSEPH CAYETANO ("Plaintiff"), on behalf of himself, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, Corporate Defendant THINK OUTSOURCING LLC and Individual Defendant PETER GRIZARDO (collectively, "Defendants") and states as follows:

## INTRODUCTION

1.       Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid wages, including overtime wages, for off-the-clock work, (2) liquidated damages, and (3) attorneys' fees and costs.

2.     Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime wages, for off-the-clock work, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

3.     Plaintiff also alleges violations of FLSA and NYLL anti-retaliation provisions, as Plaintiff was terminated for complaining about unpaid wages.


## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because Corporate Defendant is headquartered in this District.


## PARTIES

*Plaintiff*

6.     Plaintiff JOSEPH CAYETANO is a resident of New York County.

*Defendant*

7.     Corporate Defendant THINK OUTSOURCING LLC is a limited liability company organized under the laws of the State of New York with a headquarters and address for service of process at 60 East 42nd Street, Suite 1201, New York, NY, United States 10165.

8.     THINK OUTSOURCING LLC is a business that provides hospitality support services to hotels and other hospitality venues in the New York City area, dispatching janitors, cleaners, HVAC workers, electricians, plumbers, wood and marble maintenance workers, and furniture repair workers

to these.

9.      At all relevant times, Corporate Defendant THINK OUTSORUCING LLC was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendant.

10.      Individual Defendant PETER GRIZARDO is the owner and chief executive officer of THINK OUTSOURCING LLC. He exercised functional control over its business and financial operations and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, Individual Defendant GRIZARDO exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendant GRIZARDO had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiff brings claims for relief as a collective action against Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees sent to perform work at hospitality venues, including but not limited to janitors, cleaners, HVAC workers, electricians, plumbers, wood and marble maintenance workers, and furniture repair workers, who were employed by Defendants on or after the date that is six (3) years prior to the filing of this Complaint

(herein, "FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages due because of Defendants' policy of time shaving.

13.     The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees sent to perform work at hospitality venues, including but not limited to janitors, cleaners, HVAC workers, electricians, plumbers, wood and marble maintenance workers, and furniture repair workers, who were employed by Defendants on or after the date that is six (6) years prior to the filing of this Complaint  (herein, "Class Members").

15.     Class Members are readily ascertainable. The number and identity of Class Members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, such information being in the exclusive control of Defendants, there is no doubt that there are more than for (40) members of the Class.

17.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All Class Members were subject to the same corporate practices of Defendants, including (i) failing to pay all wages owed due to a policy of time shaving, (ii) failing to provide Class Members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

18.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and our cases.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. Moreover, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of those costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications, establishing incompatible standards of conduct for Defendants. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the country violate the NYLL and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b) Whether Defendants failed to pay Plaintiff and the Class members all wages owed due to a policy of time-shaving;

c) Whether Defendants paid Plaintiff and Class Members the proper overtime compensation under the NYLL;

d) Whether Defendants provided proper wage statements informing the Plaintiff and Class Members of their proper rate of compensation and other information required to be provided on wage statements, as required under the NYLL;

e) Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages, as required under the NYLL; and

f) Whether Defendants provided proper wage and hour notices to Class Members, including all information required under the NYLL, upon hiring and thereafter.

## STATEMENT OF FACTS

23.    Plaintiff JOSEPH CAYETANO was hired by Defendants on May 23, 2021 and terminated on August 15, 2021.

24.    Throughout his employment by Defendants, Plaintiff CAYETANO was sent to work as a hotel engineer/handyman at the Surrey Hotel, located at 20 East 76th Avenue, New York, NY.10021.  There, Plaintiff performed a variety of tasks, including preventive maintenance, repair work, electrical and plumbing work, as well as some housekeeping work.

25.    Throughout Plaintiff CAYETANO's employment with Defendants, he worked five (5) days per week for eight (8) hours each day. Often, this was Mondays and Tuesdays, 3:00 p.m.

to 11:00 p.m., Fridays, 11:00 p.m. to 7:00 a.m., and Saturdays and Sundays from 3:00 p.m. to 11:00 p.m. Plaintiff's schedule was changed as needed, so he often worked other shifts and days. However, he always worked forty (40) hours per week.

26.     Throughout Plaintiff's employment, Plaintiff clocked in and out via a mobile application that Defendants utilized to track hours worked by their employees.

27.     From the start of Plaintiff CAYETANO's employment to August 15, 2021 he was paid at an hourly rate of seventeen dollars ($17.00) per hour.

28.     Throughout his employment with Defendant, Plaintiff was forced to perform unpaid off-the-clock work. Twice a week, Plaintiff was required to arrive to work thirty (30) minutes before his scheduled shift.  However, he was not paid for this additional half hour of work.

29.     About once a month, Plaintiff was required to stay up to thirty (30) minutes past his scheduled shift because a replacement worker had not yet arrived.  However, Plaintiff was not paid for this additional time.

30.     As a result of Defendants' time-shaving practices, Defendants failed to pay Plaintiff for about 4.5 hours of work each month. Since these were overtime hours, Plaintiff was entitled to receive overtime wages for them.

31.      During the final week of Plaintiff's employment, Plaintiff worked all (7) seven days for eight (8) hours a day, for a total of fifty-six (56) hours. However, he was only compensated for  twenty-eight (28) hours. When he complained about this to Defendants, he was terminated.

32.     Throughout his employment with Defendants, Plaintiff regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with these co-workers, he alleges that he, FLSA Collective Plaintiffs, and Class Members were subjected to the same unlawful time-shaving practices.

33.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and the Class all compensation for all hours worked, in violation of FLSA and NYLL.

34.     Plaintiff did not receive a wage notice from Defendants. Based on his direct observations and conversations with co-workers, he alleges that Class Members also did not receive wage notices. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, as required by NYLL.

35.     Plaintiff did not receive proper wage statements from Defendants. Based on his direct observations and conversations with co-workers, he alleges that Class Members also did not receive proper wage statements. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to employees, as required under the NYLL.

36.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37.     Plaintiff realleges and reavers Paragraphs 1 through 36 of this class and collective action Complaint as if fully set forth herein.

38.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.

41.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and FLSA Collective Plaintiffs for all hours worked due to Defendants' time shaving policies.

42.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case. If necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43.     Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew such was due.

44.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

46.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime wages, due to time-shaving and an equal amount as liquidated damages.

47.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48.     Plaintiff realleges and reavers Paragraphs 1 through 47 of this Class and Collective Action Complaint as if fully set forth herein.

49.     At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

50.     At all relevant times, Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them for all hours worked.

51.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

52.     Defendants knowingly and willfully failed to provide proper wage notices to employees pursuant to the requirements of the NYLL.

53.     Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendant unpaid wages, including overtime wages, due to time shaving, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

**COUNT III**

**RETALIATION UNDER THE FAIR LABOR STANDARDS ACT**

54.     Plaintiff realleges and reavers Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     Defendants retaliated against Plaintiff after he complained to Defendants about their failure to compensate him for all hours worked by terminating his employment.

56.     Defendants' actions constitute a violation of 29 U.S.C. § 215(a)(3).

57.     Plaintiff suffered mental and financial distress as the result of his retaliatory termination.

58.     Due to Defendants' unlawful retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

**COUNT IV**

**RETALIATION UNDER THE NEW YORK LABOR LAW**

59.     Plaintiff realleges and reavers Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

60.     Defendants retaliated against Plaintiff after he complained to Defendants about their failure to compensate him for all hours worked by terminating his employment.

61.     Defendants' actions constitute a violation of NYLL § 215(1)(a)(i).

62.     Plaintiff suffered mental and financial distress as the result of his retaliatory termination.

63.    Due to Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSEPH CAYETANO on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

    b.  An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c.  An award of unpaid pages, including overtime wages, due under the FLSA and NYLL;

    d.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

    e.  An award of liquidated damages as a result of Defendants' willful failure to pay all wages owed, as required by the FLSA and NYLL;

    f.  All applicable compensatory and punitive damages for Defendants' violations of FLSA and NYLL anti-retaliation provisions;

    g.  An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees and statutory penalties;

    h.   Designation of Plaintiff as a Representative of FLSA Collective Plaintiffs;

    i.   Designation of this action as a class action pursuant to F.R.C.P. 23;

    j.   Designation of Plaintiff as Representative of the Class; and

    k.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right.

Dated: November 17, 2021

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By:   */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

14